## Case No. 15,439.

### UNITED STATES v. IMSAND.

[1 Woods, 581.] [1]

Circuit Court, S. D. Alabama. Dec. Term. 1869.

VIOLATION OF INTERNAL REVENUE LAWS—INDICTMENT — TAX ON DISTILLED SPIRITS — EVIDENCE—DECLARATIONS.

1. The last clause of the seventy-eighth section of the act of congress, approved July 20, 1868, entitled an act imposing taxes on distilled spirits and tobacco (15 Stat. 159), contains no exception so incorporated in the body of the enactment that it must be negatived in an indictment founded on the clause.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2. The presumption of guilty intent cannot be rebutted by proof of declarations of the accused made after the commission of the offense.

The jury by which this cause was tried, having returned a verdict of guilty, a motion was made in arrest of judgment, "because there is an exception in the section upon which the indictment is founded, so incorporated with the enacting clause. that one cannot be read without the other, and in such cases the exception must be negatived in the indictment, which in this case is not done."

J. P. Southworth, U. S. Atty.
John Little Smith, for defendant.

WOODS, Circuit Judge. The rule requiring exceptions in a statute to be negatived in an indictment has been well expressed in these words: "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception, but if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party." 8 Am. Jur. 234. For example, the statute (19 Geo. II. c. 30, pt. 1) enacts, that no mariner who shall serve on board any privateer employed in the British sugar colonies in the West Indies, nor any mariner being on shore in said colonies shall be liable to be impressed by any officer of a ship of war, unless such mariner shall have before deserted from an English ship of war. A penalty of £50 was given by the same statute to any person who should sue therefor against any officer who should impress a mariner contrary to its provisions. In an action on this statute, judgment was arrested because the declaration did not allege that the mariner had not previously deserted from any of his majesty's ships of war. Spieres v. Parker, 1 Term R. 141. In this case it was said, that the penalty was not imposed for impressing a mariner in the sugar colonies, but for impressing a mariner there who had not previously deserted; that the word unless, in the statute, had precisely the same sense and operation as if it had been in so many words enacted, that the penalty should be inflicted on any officer who should impress a mariner who had previously deserted. So in Gill v. Scrivens, 7 Term R. 27, Lord Kenyon said. "the writ ought to state all the circumstances that entitled the plaintiff to execution;" and Lord Mansfield said. "the plaintiff must aver a case that brings the defendant within the statute."

A statute of Massachusetts forbids labor and traveling on the Lord's day, except from necessity or charity. Labor or traveling merely is not forbidden, but unnecessary labor and traveling, and labor and traveling not required by charity. The exception is in the enacting clause, and the absence of necessity and charity is a constituent part of the description of the acts prohibited, exactly as if the statute had in totidem verbis forbidden unnecessary labor and traveling. and labor and traveling not demanded by charity. An English statute makes it a penal offense for any person other than those employed in his majesty's mint, to make or mend any instrument for coining. This exception must be negatived in an indictment. The want of such authority is part of the description of the offense itself. 1 East, P. C. 167. These examples are sufficient to illustrate the meaning and reason of the rule. The reason is simply this, that unless an exception in an enacting clause is negatived in pleading the clause, no offense appears in the indictment. The case provided for in the clause pleaded is not made out on the record. It is only when the matter is such that its affirmation or denial is essential to the apparent or prima facie right of the party pleading, that it must be affirmed or denied by him in the first instance.

Now, to apply the doctrine to the case at bar. This indictment is founded on the last clause of section 78 of the act of congress. approved July 20, 1868 (15 Stat. 159). This section contains three distinct clauses. The first provides that every dealer in manufactured tobacco and snuff shall, on the first day of every month, make and return to the assistant assessor of the proper division, an inventory of the tobacco and snuff which he has on hand at the time; the second clause provides that after January 1, 1869, all smoking, fine cut chewing tobacco and snuff, and after July 1, 1869, all other manufactured tobacco shall be taken and deemed to have been manufactured after the passage of this act, and shall not be sold or offered for sale unless put up in packages and stamped, as prescribed by this act. except by retail dealers from wooden packages, stamped as provided by this act. The evident purpose of this clause is to make uniform in practice. at as early a day as possible, the provisions of the law regulating the tax on tobacco. In a previous section of the act, section 62. it had been provided that after the passage of the act, all manufactured tobacco should be put in certain described packages, fine cut tobacco in packages weighing ½, 1, 2, 4. 8 and 16 ounces. or in wooden boxes containing 10, 20, 40 and 60 pounds each, and all such packages should be stamped. Now this second clause put the law in force so far as fine cut tobacco or snuff is concerned, on January 1, 1869, by creating the presumption. after that day, that such tobacco and snuff were manufactured after the passage of the act, whether such was the actual fact or not, and prescribes that no such tobacco shall be sold unless in packages and stamped as required by the act; but allows retail dealers to sell at retail from the wooden packages stamped as provided for by the

act. The third clause provides that after the 1st day of January, 1869, any person who shall sell, or offer for sale, any smoking, fine cut chewing tobacco or snuff, not so put up in packages and stamped, shall, on conviction, be fined. etc.

This last clause it seems to me, contains no proviso or exception, and this is the clause on which the indictment is founded. It is complete in itself, except only that it refers to the second clause by the words, "so put up in packages and stamped." But the second clause does not inform us how the tobacco is to be packed and stamped, but refers to the previous section (section 62). So that this third clause may well be construed as if it read "as provided in section 62." There is nothing excepted from the operation of this clause; all tobacco must be packed and stamped as provided by the act, and to sell any tobacco not packed and stamped is made an offense by this clause of the statute. But there is not even in the second clause of this section, any exception to the provisions of the act that all tobacco sold must be packed and stamped in a certain way. What is relied upon as an exception in the second clause is simply a permission to retail dealers to sell in a certain way not unstamped tobacco, but tobacco put up in a prescribed way and duly stamped. If the third clause of the section had provided that it should be unlawful to sell tobacco unless stamped, but that tobacco manufactured, say before 1869, or tobacco manufactured at Lynchburg, Virginia, might be sold without stamps, then it would be necessary in an indictment under this clause, to negative these exceptions. But this clause does not make these exceptions, or any others. All tobacco sold must be packed and stamped as prescribed, and the sale of any tobacco not so packed and stamped is made an offense. Nor does the second clause make an exception. It simply provides that certain persons may sell tobacco packed and stamped, as provided by law, in a certain way, but they are nowhere in the section authorized to sell tobacco unstamped. It introduces no new element or qualification into the offense, but leaves it just as broad and unqualified as the third clause leaves it. So that when this indictment alleges that on a certain day, and at a certain place, the accused sold tobacco which had not paid the revenue tax, and was not stamped as provided for by law, it describes fully and completely an offense under this statute. There is no exception to be negatived, because the law makes no exception. Therefore for the reason, first, that no exception is made in the clause on which the indictment is based; and second, because no exception is made in the second or any other clause of this section, I hold that the objection to the indictment is not well taken.

It is urged on behalf of Imsand that the court erred in not admitting evidence of what the accused said or did on a day subsequent to the commission of the alleged offense. While I do not see how this can be taken advantage of on motion in arrest of judgment, yet I have reflected upon the question thus raised, and am satisfied with the ruling. Where an offense against the law is shown to have been committed, the law raises the presumption of guilty intent. To allow this presumption to be overthrown by the declarations of the accused, made subsequent to the commission of the offense, would be to make him a witness in his own behalf, and his unsworn declarations made in his own favor after the offense was committed and completed, to be used to exculpate him. What he said at the time of the transaction may be admitted as part of the res gestæ, but I know of no rule of law by which a prisoner can give his own declarations, made at a subsequent time.